**VEDDER PRICE (CA), LLP**
THOMAS H. PETRIDES (SBN 117121)
tpetrides@vedderprice.com
CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendant
BBMC MORTGAGE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ALCOCER, individual, | Case No. 8:18-cv-00451 |
| Plaintiff, | **DEFENDANT BBMC MORTGAGE, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | |
| BBMC MORTGAGE, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF ENRIQUE ALCOCER AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that defendant BBMC Mortgage, LLC ("Defendant") hereby removes to this Court the action entitled *Enrique Alcocer, Plaintiff v. BBMC Mortgage, LLC, a California Limited Liability Company; DOES 1 through 50, inclusive, Defendants,* Case No. 30-2018-00969470-CU-WT-CJC (the "State Court Action") from the Superior Court of the State of California for the County of Orange, pursuant to 28 U.S.C. sections 1332 and 1441(a), based upon the following:

///

///

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

LOS_ANGELES/#39351.2

## STATEMENT OF REMOVAL

1.      On January 25, 2018, plaintiff Enrique Alcocer ("Plaintiff") filed his Complaint in the State Court Action naming Defendant as the only named defendant.   A copy of the complaint filed in the State Court Action (the "Complaint") is attached hereto as **Exhibit A**.  The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

2.      On February 20, 2018, Defendant was served with the Summons and Complaint.  Defendant filed an Answer to the State Court Action on March 20, 2018.  A copy of the Answer filed in the State Court Action is attached hereto as **Exhibit B**.  A copy of the Summons and all other documents that constitute process, pleadings, and orders served on or by Defendant from the State Court Action are attached hereto as **Exhibit C**.  *See* 28 U.S.C. § 1446(a).

3.      In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within thirty (30) days of the only named defendant being served with the Summons and Complaint (i.e., process) in this action.

4.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Orange County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Superior Court where the State Court Action was pending is located within the Central District of California.

## JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.      This is a civil action over which this Court also has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

LOS_ANGELES/#39351.2

by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.[1]

7.     Defendant is informed and believes that Plaintiff is now, and was at the time the State Court Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a) because he is a resident of and domiciled in the County of Orange, State of California. *See* Ex. A (Compl.) ¶ 2.

8.     Defendant is now, and was at the time the State Court Action was commenced, a limited liability company organized under the laws of the State of Delaware. A limited liability company (LLC) is a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At all relevant times, Defendant has had only one single member of its LLC, which is Bridgeview Bank Group, Inc. ("BBGI"). BBGI is now and was at all relevant times a state bank incorporated under the laws of the State of Illinois. At all relevant times, BBGI has maintained its corporate headquarters in Chicago, Illinois, which is where its high level officers direct, control, and coordinate BBGI's activities. The majority of BBGI's executive officers are located in Chicago, Illinois, and the majority of BBGI's executive and

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). *See also Jauregui v. Nationstar Mortg. LLC*, Case No. EDCV 15–00382–VAP, 2015 WL 2154148 at *1 (C.D. Cal. May 7, 2015)(unless challenged, a notice of removal relying on diversity jurisdiction only requires a "short and plain statement of the grounds for removal" that the parties are citizens of different states and the amount in controversy exceeds $75,000).

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

LOS_ANGELES/#39351.2

administrative functions are directed from Chicago, Illinois. Therefore, BBGI's principal place of business is in Chicago, Illinois under the Supreme Court's "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Accordingly, Defendant is a citizen of the State of Illinois within the meaning of 28 U.S.C. § 1332(c)(1) because its sole member, BBGI, is a citizen of Illinois.

9. The DOE defendants in this action were sued under fictitious names. Ex. A (Compl.) ¶ 4. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names are disregarded for removal purposes.

10. Defendant, the only named defendant in the State Court Action, is not a citizen of the State of California. Thus, diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

11. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

12. Although Plaintiff's Complaint does not allege a specific dollar amount of damages that he seeks, his Complaint does allege claims for discrimination and wrongful termination, and states that he is seeking lost wages, emotional distress, punitive damages and attorneys' fees relating to these claims. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

13. Defendant denies liability relating to these claims and denies that Plaintiff would be entitled to recover any damages. However, Plaintiff is seeking an award in excess of $75,000 relating to these claims because Plaintiff has made a

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

settlement demand to resolve this dispute for $200,000.00.  *See Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 940 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim").  Plaintiff's $200,000.00 settlement demand is a reasonable estimate of the amount in controversy based on the nature of the claims brought and the fact he contends that his past and future wage loss amounts to at least $249,600.00, which purportedly arises out his alleged monthly earnings of $8,000 to $9,000 while employed with Defendant.  See Ex. A (Compl., ¶ 15).

13.    Accordingly, based on Plaintiff's settlement demand and the economic and non-economic damages that Plaintiff is seeking in the Complaint, the amount in controversy as alleged in the Complaint exceeds this Court's jurisdictional threshold of $75,000.

**WHEREFORE**, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.

Dated:       March 21, 2018              VEDDER PRICE (CA), LLP


By: /s/ *Thomas H. Petrides*
Thomas H. Petrides
Christopher A. Braham

Attorneys for Defendant
BBMC MORTGAGE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2018, a copy of the foregoing **DEFENDANT BBMC MORTGAGE, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

/s/ Thomas H. Petrides
Thomas H. Petrides

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

LOS_ANGELES/#39351.2